## Case No. 2,337b.

### CAMDEN CONSOL. OIL CO. v. OHIO INS. CO.

[5 Cin. Law. Bul. 193.]

Circuit Court, S. D. Ohio. March Term, 1880.

LIABILITY OF INSURER FOR ACTS OF AGENT—REPRESENTATIONS.

1. If an insurance company place their blank policies of insurance, duly signed by its president and secretary, in the hands of their duly constituted agents, who receive, from a party not an agent, the premium for an insurance, and deliver to him the policy, which he countersigns and delivers to the insured, such policy will be binding upon the company, though not countersigned by the agents.

[See Cahill v. Andes Ins. Co., Case No. 2,-289; Wilkinson v. Union Mut. L. Ins. Co., Id. 17,676.]

2. If the property to be insured be represented as an oil warehouse, when it was an oil refinery, the policy would be void, if the liability of the latter to fire is essentially greater than the former; but if the property, its machinery and use, were properly represented, it will be binding upon the company, although it may have been mistaken as to the extent of the liability of such property to fire.

At law.

J. Follet, for plaintiff.
I. A. Jordan, for defendant.

SWING, District Judge. This action is brought upon a policy of insurance of the defendant for $1,166.67 on certain property therein described, dated 23d day of January, 1877, which the plaintiff alleges was destroyed by fire before twelve o'clock, noon, of the 23d day of January, 1878, to its damage $1,127.33. The plaintiff alleges that the defendant had due notice, and was furnished with the proof of loss, in accordance with the terms of the policy, and that the plaintiff has performed the conditions of the policy, and that it is therefore entitled to recover from the defendant the said sum of $1,127.33. 1. The defendant for answer denies the residence and incorporation of the plaintiff. 2. That the policy was obtained upon the false and fraudulent representations of the plaintiff as to the character and condition of the property insured. 3. That Winans and Theohold were their agents, and that one F. C. Robinson undertook to obtain the policy of insurance for the plaintiff; that he was not authorized to do so by the defendant; that Robinson had no knowledge of the condition of the property, but the plaintiff falsely and fraudulently represented to said Robinson that the premises to be insured was a refinery warehouse, and

not an oil refinery; that this was repeated to their agents, by which they were induced to send the policy for delivery to plaintiff; that it had no knowledge of the facts, and received the premium without such knowledge, and tenders it to the plaintiff. 4. Denies that the property destroyed was of the value claimed by the plaintiff. 5. That plaintiff, without the knowledge and consent of the defendant, made certain improvements which greatly increased the risk; and also changed the possession of said premises. The plaintiff, by reply, denies, substantially, the allegations of the 2d, 3d, 4th and 5th defenses set up in the answer.

If the jury find from the evidence in the case that the insurance company, defendant, placed in the hands of their regular agents, Winans and Theohold, their policies of insurance, duly signed by the president and secretary, and these agents employed Frank C. Robinson to procure for the company risks, and said Robinson procured this risk, and received from the plaintiff the premium, and paid it to the general agents, and received from them the policy of insurance, countersigned it, and delivered the same to the plaintiffs, such policy, if there be no misrepresentation or fraud in its procurement, is binding upon the company, though not countersigned by said agents. If a party was requested by the plaintiff to place the insurance, and he represented the property to be an oil warehouse only, when in truth it was an oil refinery, and by this representation the insurance company was induced to enter into the contract of insurance, the policy would not be binding upon it. But if the property were properly represented and described, with all the machinery connected with it, and the use to which it was placed, then it will be binding upon it, although the company may have been mistaken as to the extent of liability to fire to which such property might be subject. If the defendant insurance company delivered to their agent the policy of insurance sued upon, duly signed by their president and secretary, and the premium upon said policy was received by said agents, who reported to said company that such policy had been issued, and the company approved the same, and received and retained the premium upon said policy, such policy would be binding upon the company, although it had not been countersigned by the agents.

If the jury shall find for the plaintiff, your verdict will be for a pro rata part of the damage sustained by the loss by said fire. There being a total insurance upon the property of $3,433⅓, and the amount of the policy of defendant being $1,166⅔, the liability of the defendant will be the proportion of the entire loss that the amount of defendant's policy bears to the total amount of the insurance upon the property.

Verdict for plaintiff.